MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael Faillace [MF-8436]
110 East 59th Street, 32nd Floor
New York, New York 10022
Telephone:     (212) 317-1200
Facsimile:     (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X

| | |
|---|---|
| ELIAS BALLESTEROS, | **COMPLAINT** |
| *Plaintiff*, | **06 CV 4406** |
| -against- | **Jury Trial Demanded** |
| BEN'S MARKET, BEN'S MEAT-O-MAT, INC. and JAMES NAPOLITANO, | |
| *Defendants*. | **ECF Case** |

-------------------------------------------------------X

Plaintiff Elias Ballesteros, by and through his attorneys, Michael Faillace & Associates, P.C., complain of Defendants Ben's Market, Ben's Meat-O-Mat, Inc. and James Napolitano, as follows:

**NATURE OF ACTION**

1. Plaintiff was employed by Defendants in their produce department from on or about 1998 until on or about May 26, 2006. Defendants maintained a policy and practice of requiring Plaintiff to work in excess of forty hours per week without paying him the minimum wage and overtime compensation required by federal and state laws.

2. Plaintiff now brings this action to recover unpaid minimum and overtime wages, "spread of hours" pay, liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq*. ("FLSA"), the New York Minimum

Wage Act, N.Y. Lab. Law §§ 650 *et seq.*, and the "spread of hours" wage order of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 142-2.4 (2006) (herein the "Spread of Hours Wage Order").

## JURISDICTION AND VENUE

3.  This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. Supplemental jurisdiction over Plaintiff's state law claims is conferred by 28 U.S.C. § 1367(a).

4.  Venue is proper in this District under 28 U.S.C. §1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in the State of New York within this district.

## THE PARTIES

5.  Plaintiff Elias Ballesteros is an adult individual residing in Bronx County, New York.

6.  Upon information and belief, Defendant Ben's Market maintained a store located at 19 Knolls Crescent, Bronx, New York 10463 at all times relevant to this complaint.

7.  Defendant Ben's Meat-O-Mat, Inc. is a corporation organized and existing under the laws of the State of New York. Upon information and belief, Ben's Meat-O-Mat, Inc. maintained a store located at 19 Knolls Crescent, Bronx, New York 10463 at times relevant to this complaint.

8.  Upon information and belief, Defendant James Napolitano is an individual engaged in business in Bronx County. He is sued individually in his capacity as an owner, officer and/or agent of Defendants Ben's Market and Ben's Meat-O-Mat, Inc. Napolitano has the

authority to hire and fire employees, set their wages and compensation, establish their schedules and maintain their employee records.

## FACTUAL ALLEGATIONS

9. Plaintiff was employed by Defendants at the Ben's Market store located at 19 Knolls Crescent, Bronx, New York 10463 from on or about 1998 until on or about May 26, 2006.

10. Ben's Market sells meat, produce, and food supplies. Defendants have at least two employees individually engaged in commerce and had an annual gross volume of sales in excess of $500,000 for each year relevant to this action.

11. Plaintiff worked in the produce department. His primary responsibility was to organize produce for display: he unloaded and unpacked deliveries, arranged displays, cut fruit, affixed price stickers, and performed inventory.

12. During the summer months, Plaintiff also accompanied and assisted the store manager with purchasing two days per week. On these days, Plaintiff worked from 4:00 a.m. until 8:00 p.m. The manager picked Plaintiff up at 4:00 a.m., and they drove to various locations at Hunt's Point to purchase produce, returning to the Ben's Market store around noon. Plaintiff then resumed his customary duties, unloading the produce, affixing price stickers, and arranging displays until 8:00 p.m.

13. From 2000 to on or about May 2004, Defendants scheduled Plaintiff for an 80-hour workweek in the non-summer months: Monday – Friday: 8:00 a.m. – 8:00 p.m.; Saturday: 8:00 a.m. – 7:00 p.m.; Sunday: 9:00 a.m. – 6:00 p.m. Defendants regularly required Plaintiff to work beyond his regular shift. During this time period, Plaintiff worked approximately 82 hours

per week during the non-summer months and approximately 90 hours per week in the summer months. Plaintiff received a fixed salary of $360 per week during this time period.

14. From on or about May 2004 until on or about May 26, 2006, Plaintiff scheduled Plaintiff for a 61-hour workweek, as follows: Monday – Friday: 10:00 a.m. – 8:00 p.m.; Saturday: 8:00 a.m. – 7:00 p.m.; Sunday: off. Defendants regularly required Plaintiff to work beyond his regular shift. During this time period, Plaintiff worked approximately 63 hours per week, and Defendants compensated Plaintiff $420 per week.

15. At times relevant to this action, Defendants compensated Plaintiff in cash.

16. At no time during the course of this action did Plaintiff ever observe on Defendants' premises any posted notice regarding employees' rights under the Fair Labor Standards Act, New York State Labor Law and Regulations or the procedures for filing a charge for violations of these state and federal labor laws.

17. Defendants did not pay Plaintiff within "seven calendar days after the end of the week in which the wages are earned," and thus failed to pay Plaintiff in a timely fashion, in violation of N.Y. Lab. Law § 191(1)(a)(i).

18. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York State Labor Law by neglecting to maintain accurate timesheets and payroll records. Specifically, Defendant neglected to maintain records indicating the number of hours Plaintiff worked each day and the total number of hours he worked each workweek. On payday, Jennifer Martinez, a supervisor, handed Plaintiff an envelope with cash, but Defendants did not provide Plaintiff an explanation of the number hours the money was intended to compensate, his regular rate of pay, or his overtime rate of pay.

19. On or about May 25, 2006, Plaintiff was sick and unable to attend to work. When he returned to work the next day, Jennifer Martinez informed him that Defendant James Napolitano had terminated his employment.

20. Defendants failed to furnish Plaintiff with a statement with "every payment of wages, listing gross wages, deductions and net wages," in violation of N.Y. Lab. Law § 195.

21. Defendants denied Plaintiff time off for meals and breaks in violation of New York State Labor Law § 162.2. Plaintiff did not receive the additional 20 minute break between 5 P.M. and 7 P.M. for those employed on a shift starting before 11 A.M. and continuing after 7 P.M.

## FIRST CAUSE OF ACTION
## VIOLATIONS OF THE FAIR LABOR STANDARDS ACT OF 1938

22. Plaintiff repeats and realleges all the paragraphs above.

23. At all times relevant to this action, Defendants were engaged in interstate commerce or in an industry or activity affecting commerce.

24. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(r).

25. At all times relevant to this action, Defendants were Plaintiff's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff, control his terms and conditions of employment, and determine the rate and method of any compensation in exchange for his employment.

26. Defendants intentionally failed to pay Plaintiff at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

27.     Defendants intentionally failed to pay Plaintiff overtime compensation at the rate of one and one-half times his regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

28.     Defendants' failure to pay Plaintiff at the applicable minimum hourly rate and failure to pay overtime compensation were willful within the meaning of 29 U.S.C. § 255(a).

29.     Plaintiff has been damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
## VIOLATIONS OF THE NEW YORK LABOR LAW

30.     Plaintiff repeats and realleges all the paragraphs above.

31.     At all times relevant to this action, Defendants were Plaintiff's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff, control his terms and conditions of employment, and determine the rate and method of any compensation in exchange for his employment.

32.     Defendants failed to pay Plaintiff at the applicable minimum hourly rate, in violation of the New York Minimum Wage Act and its supporting regulations.

33.     Defendants failed to pay Plaintiff overtime compensation at the rate of one and one-half times his regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of N.Y. Lab. Law § 190 *et seq*. and supporting regulations of the New York State Department of Labor.

34.     Defendants' failure to pay Plaintiff at the applicable minimum hourly rate and failure to pay overtime compensation were willful within the meaning of N.Y. Lab. Law § 663.

35.     Defendants' New York Labor Law violations have caused Plaintiff irreparable harm for which there is no adequate remedy at law.

- 7 -

36.     Plaintiff has been damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF
### THE NEW YORK COMMISSION OF LABOR

37.     Plaintiff repeats and realleges all the paragraphs above.

38.     Defendants failed to pay Plaintiff one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff's spread of hours exceeded ten in violation of the wage order of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 142-2.4 (2006).

39.     Defendants' failure to pay Plaintiff an additional hour's pay for each day his spread of hours exceeded ten was willful within the meaning of N.Y. Lab. Law § 663.

40.     Plaintiff has been damaged in an amount to be determined at trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants:

(a)     Declaring that Defendants have violated the minimum wage and overtime provisions of the FLSA and New York Labor Law;

(b)     Declaring that Defendants have violated the Spread of Hours Wage Order of the New York Commission of Labor;

(c)     Declaring that Defendants' violations of the FLSA and New York Labor Law were willful;

- 8 -

(d) Awarding Plaintiff damages for the amount of unpaid overtime premiums and spread of hours pay under the FLSA, New York Labor Law, and the Spread of Hours Wage Order of the New York Commission of Labor;

(e) Awarding Plaintiff liquidated damages owed pursuant to 29 U.S.C. § 216(b) and N.Y. Lab. Law § 198;

(f) Awarding Plaintiff prejudgment interest;

(g) Awarding Plaintiff the expenses incurred in this action, including costs and attorneys' fees; and

(h) For such other and further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all claims so triable.

Dated: New York, New York
       June 12, 2006

MICHAEL FAILLACE & ASSOCIATES, P.C.

By: _____/s/_____
Michael Faillace [MF-8436]
110 East 59th Street, 32nd Floor
New York, New York 10022
Telephone:   (212) 317-1200
Facsimile:   (212) 317-1620
*Attorneys for Plaintiff*